FILED
Clerk
District Court

MAY 27 2022

for the Northern Mariana Islands
By_____
(Deputy Clerk)

BANES HOREY BERMAN & MILLER, LLC
201 Marianas Business Plaza
1 Nauru Loop, Susupe, Saipan, CNMI
Mail: P.O. Box 501969 Saipan MP 96950
Phone: 234-5684    Fax: 234-5683
E-mail: jhorey@pacificlawyers.law

Attorneys for Plaintiffs

IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANDREW SABLAN SALAS, | ) Case No. 1:22-cv-_____  CV 22-00008 |
| Plaintiff, | ) |
| v. | ) COMPLAINT FOR<br>) DECLARATORY AND<br>) INJUNCTIVE RELIEF |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Plaintiff Andrew Sablan Salas hereby complains against the Defendant as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction of this matter pursuant to the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (hereinafter Covenant) at §§ 401-02 (authorizing Congress to create this Court), 48 U.S.C. §§ 1821-22 (creating this Court and granting it the jurisdiction of a district court), 28 U.S.C. § 1331 (federal question jurisdiction), and Covenant § 903 (jurisdiction over cases arising under the Covenant). It is empowered to grant declaratory and injunctive relief by 28 U.S.C. §§ 2201-02.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(c), as this is an action against the United States, and the plaintiff resides in this district.



## PARTIES

3. Plaintiff Andrew Sablan Salas is a natural person residing on Saipan in the Commonwealth of the Northern Mariana Islands (CNMI).

4. Plaintiff was born on Saipan in 1956. He is one of the people of the Northern Mariana Islands within the meaning of Covenant § 103. He became a citizen of the United States in 1986 pursuant to Covenant § 301. Plaintiff served in the House of Representative in the Thirteenth CNMI Legislature, and was CNMI Secretary of Commerce from 2004 to 2006.

5. Plaintiff has been regularly and actively involved in the sport of cockfighting since childhood. He has raised hundreds of roosters for cockfighting purposes, and regularly entered such roosters in competitive cockfights in the CNMI for many years prior to 2019.

6. Plaintiff desires and intends to resume raising roosters for cockfighting purposes, and entering such roosters in competitive cockfights in the CNMI. However, if he does so, a credible threat exists that he will prosecuted for violation of law, particularly 7 U.S.C. § 2156, which provides that "[i]t shall be unlawful for any person to knowingly sponsor or exhibit an animal in an animal fighting venture." "Animal fighting venture" is defined in such a way as to include cockfights.

7. Defendant, the United States of America, is a nation within the meaning of international law, consisting of the fifty states ratifying the Constitution of the United States, and the District of Columbia. It is in political union with the CNMI pursuant to the Covenant.

## FACTS

8. On December 20, 2018, US Public Law 115-334, the Agriculture Improvement Act of 2018 (hereinafter the AIA), was signed into law by President Trump.

9. Section 12616 of the AIA amended 7 U.S.C. § 2156 by deleting language which had set out an exception to the aforesaid prohibition on sponsoring an animal in an animal fighting venture. The exception had been applicable to "fighting ventures involving live birds in a State where it would not be in violation of the law."

10. The term "State" in the foregoing provision was defined as "a State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, or any other territory or possession of the United States."

11. Cockfighting has been prohibited by state law in all fifty states of the United States, and in the District of Columbia, since 2008, when it was prohibited in Louisiana, the last state where it had been legal.

12. Section 12616 of the AIA therefore had no effect on the law in any state, or in the District of Columbia, and affected only the law in "the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, [and] any other territory or possession of the United States."

13. The title and legislative history of Section 12616 of the AIA show that it was enacted for the specific purpose of "extending [the] prohibition on animal fighting to the territories."

14. Section 12616 of the AIA went into effect on December 20, 2019.

15. Prior to December 20, 2019, cockfighting in the CNMI was lawful and regulated, pursuant to, *inter alia*, the Saipan Cockfighting Act (10 CMC §§ 3601-18), the Tinian Cockfighting Act (10 CMC § 2411-19), and the Rota Cockfighting Act (10 CMC §§ 1401-21).

//

//

//

## FIRST CAUSE OF ACTION
## DECLARATORY AND INJUNCTIVE RELIEF
## NONAPPLICABILITY OF LAW UNDER COVENANT

16. The allegations in Paragraphs 1-15 are repeated and realleged as if set forth fully herein.

17. The Covenant is an agreement between the people of the Northern Mariana Islands and the United States governing, *inter alia*, the application of federal law to the Northern Mariana Islands.

18. Covenant § 502 governs the application to the Northern Mariana Islands of federal laws in existence on January 9, 1978, and subsequent amendments to such laws.

19. Covenant § 502 provides, as a general rule subject to certain exceptions, that laws in existence on January 9, 1978, which are applicable to Guam and which are of general application to the several States, and subsequent amendments to such laws, will apply to the Northern Mariana Islands as they are applicable to the several States.

20. 7 U.S.C. § 2156 was in existence on January 9, 1978, but was not of general application to the several states. Rather, its application to any state was dependent upon state law.

21. Subsequent amendments to 7 U.S.C. § 2156, including its amendment by Section 12616 of the AIA, were therefore not amendments of a law of general application to the several States, and are not made applicable to the Northern Mariana Islands by the general rule of Covenant § 502. Nor are such amendments made applicable by any of the exceptions to that general rule that are stated in Covenant § 502.

22. Covenant § 502 therefore does not make 7 U.S.C. § 2156 or Section 12616 of the AIA applicable to or effective in the Northern Mariana Islands.

4

23. Covenant § 105 governs the application to the Northern Mariana Islands of federal laws enacted after January 9, 1978.

24. Covenant § 105 provides that the United States may enact legislation in accordance with its constitutional processes which will be applicable to the Northern Mariana Islands, but that, if such legislation cannot also be made applicable to the several States, the Northern Mariana Islands must be specifically named therein for it to become effective there.

25. Section 12616 of the AIA could not be made applicable to the several States, because, prior to its enactment, it was already in violation of the State law in each State to sponsor or exhibit a bird in a fighting venture.

26. The Northern Mariana Islands was not specifically named in Section 12616 of the AIA.

27. Covenant § 105 therefore does not make 7 U.S.C. § 2156 or Section 12616 of the AIA applicable to or effective in the Northern Mariana Islands.

28. Covenant § 103 provides that the people of the Northern Mariana Islands will have the right of local self-government and will govern themselves with respect to internal affairs in accordance with a constitution of their own adoption.

29. The question of whether a given act of federal legislation is consistent with the aforesaid self-government guarantee is determined by balancing the federal interest to be served by the legislation at issue against the degree of intrusion into the internal affairs of the Northern Mariana Islands.

30. Cockfighting, a traditional local recreational activity having no relation to foreign affairs or defense, is a quintessential "internal affair" of the Northern Mariana Islands.

31. No federal interest is served by the application of Section 12616 of the AIA or 7 U.S.C. § 2156 to the Northern Mariana Islands.

32. Section 12616 of the AIA and 7 U.S.C. § 2156 intrude significantly into the internal affairs of the Northern Mariana Islands by prohibiting and criminalizing a popular and traditional recreational activity, and by imposing a moral and cultural standard that has not prevailed there through local democratic process.

33. Section 12616 of the AIA and 7 U.S.C. § 2156 are therefore not consistent with the self-government guarantee of the Covenant, and for that reason are not applicable to or effective in the Northern Mariana Islands.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays the Court grant him the following relief:

1. A judgment declaring that Section 12616 of the AIA and 7 U.S.C. § 2156 are not applicable to or effective in the Northern Mariana Islands.

2. An injunction prohibiting Defendant and its agents from enforcing Section 12616 of the AIA, or 7 U.S.C. § 2156, or any other provisions of statutory or regulatory law that depend on its validity, in the Northern Mariana Islands.

3. Costs of suit.

4. Such other and further relief as the Court finds just and proper.

Respectfully submitted this 27th day of May, 2022.

BANES HOREY BERMAN & MILLER, LLC
Attorneys for Plaintiff

By: _____
Joseph E. Horey